IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Kesval, LLC,<br>Domi Adsum LLC,<br>Fish Eagle USA LLC, and<br>Cloudbreak, LLC,<br><br>　　　Plaintiffs,<br><br>v.<br><br>Herbert Legal Group, LLC and<br>John L. G. Herbert, Jr.,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>) Civil Action No.: _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiffs allege the following:

### **PARTIES, JURISDICTION, VENUE**

1.

Plaintiffs are limited liability companies whose members are residents and citizens of South Africa. As set forth in more detail below, Plaintiffs assert joint relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and Plaintiffs' claims involve common questions of law and fact.

2.

Defendant Herbert Legal Group, LLC ("Defendant Herbert Legal Group") is a Georgia limited liability company and may be served via its registered agent: John

1

1612828.1

Herbert, 101 Vickery Street, Roswell, Georgia 30075.

3.

Defendant John L. G. Herbert, Jr. ("Defendant Herbert") is a Georgia resident, a United States Citizen, and may be served at 101 Vickery Street, Roswell, Georgia 30075.

4.

Upon information and belief, Defendant Herbert is the sole member of Defendant Herbert Legal Group.

5.

This Court has personal jurisdiction over Defendants because they are residents of Georgia.

6.

This Court has subject matter jurisdiction over the claims raised in this Complaint pursuant to 28 U.S.C. § 1332(a) because (i) the matter in controversy exceeds $75,000, exclusive of interest and costs, and (ii) Plaintiffs and Defendants are citizens of a foreign state and citizens of Georgia, respectively.

7.

This Court is the proper venue pursuant to 28 U.S.C. § 1391(b)(1) because both Defendants reside in the Northern District of Georgia, Atlanta Division.

2

8.

This Court is the proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in the Northern District of Georgia, Atlanta Division.

## FACTS

9.

Defendant Herbert is an attorney and former member of the Georgia Bar that practiced with Defendant Herbert Legal Group.

10.

On October 1, 2024, the Supreme Court of Georgia disbarred Defendant Herbert for the conduct described in this Complaint: stealing funds that Plaintiffs and others escrowed with Defendants. Exhibit A to this Complaint is a correct and complete copy of the disbarment decision.

11.

Plaintiffs' members are South African real estate investors with projects in the United States that desired to have their funds held in the United States banking system.

12.

Defendants agreed to receive, hold, and disburse Plaintiffs' funds pursuant to Plaintiffs' instructions.

1612828.1

13.

Around November 2022, Defendants stopped responding to requests for an accounting and other information regarding Plaintiffs' escrowed funds.

14.

Defendants have failed to return Plaintiffs' escrowed funds despite multiple demands.

15.

Specifically, each Plaintiff's unreturned escrow funds (collectively, the "Unreturned Escrow Funds") are:

| | |
|---|---|
| Kesval, LLC | $119,001.61 |
| Domi Adsum LLC | $289,445.44 |
| Fish Eagle USA LLC | $103,152.88 |
| Cloudbreak, LLC | $44,000.00 |

**COUNT I**
**Conversion**

16.

Plaintiffs incorporate all prior allegations.

17.

Plaintiffs hold title to their respective Unreturned Escrow Funds.

18.

Defendants actually possess (or possessed and have since transferred) the

4

1612828.1

Unreturned Escrow Funds.

19.

Plaintiffs have made multiple demands on Defendants to return the Unreturned Escrow Funds.

20.

Defendants have failed to return the Unreturned Escrow Funds.

21.

Plaintiffs have been damaged by such failure in an amount to be determined at trial, but exceeding $75,000.

## COUNT II
## Breach of Fiduciary Duty

22.

Plaintiffs incorporate all prior allegations.

23.

As counsel to Plaintiffs and escrow holder for Plaintiffs, Defendants owed Plaintiffs a fiduciary duty to hold the Unreturned Escrow Funds in escrow and to disburse them only upon direction from Plaintiffs.

24.

Plaintiffs have made multiple demands on Defendants to return the Unreturned Escrow Funds.

1612828.1

25.

Defendants have failed to return the Unreturned Escrow Funds.

26.

Defendants' failure to return the Unreturned Escrow Funds is a breach of Defendants' fiduciary duty to Plaintiffs.

27.

Plaintiffs have been damaged by such breach in an amount to be determined at trial, but exceeding $75,000.

## COUNT III
### Breach of Contract

28.

Plaintiff incorporates all prior allegations.

29.

Defendants' failure to return the Unreturned Escrow Funds is a breach of their agreement to receive, hold, and disburse the Unreturned Escrow Funds pursuant to Plaintiffs' instructions.

30.

Plaintiffs have been damaged by such breach in an amount to be determined at trial, but exceeding $75,000.

6

1612828.1

## COUNT IV
## Punitive Damages

31.

Plaintiffs incorporate all prior allegations.

32.

In failing to return the Unreturned Escrow Funds, Defendants have shown willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences as described in O.C.G.A. § 51-12-5.1(b).

33.

As a result, Defendants are liable for punitive damages in an amount to be determined at trial.

## COUNT V
## Attorneys' Fees and Expenses

34.

Plaintiffs incorporate all prior allegations.

35.

In failing to return the Unreturned Escrow Funds, Defendants have acted in bad faith, have been stubbornly litigious, or have caused Plaintiffs unnecessary trouble and expense.

7

1612828.1

36.

As a result, Defendants are liable for attorneys' fees and expenses in an amount to be determined at trial.

## RELIEF REQUESTED

Plaintiffs pray for the following relief:

1.     pursuant to Count I, judgment against Defendants (jointly and severally) in an amount to be determined at trial but not less than $75,000;

2.     pursuant to Count II, judgment against Defendants (jointly and severally) in an amount to be determined at trial but not less than $75,000;

3.     pursuant to Count III, judgment against Defendants (jointly and severally) in an amount to be determined at trial but not less than $75,000;

4.     pursuant to Count IV, judgment against Defendants (jointly and severally) in an amount to be determined at trial;

5.     pursuant to Count V, judgment against Defendants (jointly and severally) in an amount to be determined at trial ;

6.     judgment against Defendants (jointly and severally) for all costs of the action.

Respectfully submitted this 30th day of June, 2025.

/s/ Jimmy Luke
Jimmy Luke
Georgia Bar No. 191817

8

1612828.1

Martin Bagwell Luke, P.C.
400 Northridge Road, Suite 1225
Atlanta, Georgia 30350
(404) 467-5867
jluke@mbllawfirm.com

Counsel for Plaintiff

9

# EXHIBIT A
## Disbarment Decision

[see following pages]

1612828.1

In the Supreme Court of Georgia

Decided: October 1, 2024

S24Y0682, S24Y1175, S24Y1176, S24Y1177.  IN THE MATTER
OF JOHN L.G. HERBERT, JR.

PER CURIAM.

These disciplinary matters are before the Court on Notices of Discipline seeking the disbarment of John L.G. Herbert, Jr. (State Bar No. 348226), on the basis of numerous alleged violations of the Georgia Rules of Professional Conduct (hereinafter, "GRPC") related to 11 client grievances. Because Herbert, who has been a member of the Bar since 1994, failed to file a Notice of Rejection, he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Herbert's default, are as follows. The 11 grievants, or their associated LLCs, are

overseas investors in real property located in the U.S. The grievants desired to have the proceeds of their investments and other deposits held in the U.S. banking system and Herbert offered to receive, hold, and disburse these funds. Herbert stopped responding to requests for information and accountings from the grievants beginning around November 2022, at which point each of the grievants had outstanding balances with Herbert. The grievants collectively reported losses of approximately $850,000 in funds that had been entrusted to Herbert and were converted to his use.

As to each of the grievances, the Bar determined that Herbert violated the following provisions of the GRPC: Rule 1.2 (a),[1] Rule

---

[1] This Rule provides, in pertinent part, that "a lawyer shall abide by a client's decisions concerning the scope and objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued."

2

1.4,[2] Rule 1.5 (a),[3] Rule 1.15 (I) (a),[4] Rule 1.15 (I) (c),[5] Rule 1.15 (I)

(d),[6] Rule 1.15 (II) (a),[7] Rule 1.15 (II) (b),[8] Rule 1.15 (II) (c),[9] Rule

---

[2] This Rule provides, in pertinent part, that "a lawyer shall . . . keep the client reasonably informed about the status of the matter . . . [and] promptly comply with reasonable requests for information."

[3] This Rule provides that "[a] lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses," followed by a list of factors to be considered in determining reasonableness.

[4] This Rule provides that

A lawyer shall hold funds or other property of clients or third persons that are in a lawyer's possession in connection with a representation separate from the lawyer's own funds or other property. Funds shall be kept in one or more separate accounts maintained in an approved institution as defined by Rule 1.15 (III) (c) (1). Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of six years after termination of the representation.

[5] This Rule provides that

Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon

3

request by the client or third person, shall promptly render a full accounting regarding such property.

[6] This Rule provides that

When in the course of representation a lawyer is in possession of funds or other property in which both the lawyer and a client or a third person claim interest, the property shall be kept separate by the lawyer until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall be kept separate by the lawyer until the dispute is resolved. The lawyer shall promptly distribute all portions of the funds or property as to which the interests are not in dispute.

[7] This Rule provides, in pertinent part, that "[a]ll funds held by a lawyer for a client and all funds held by a lawyer in any other fiduciary capacity shall be deposited in and administered from a trust account."

[8] This Rule provides, in pertinent part, that "[n]o funds shall be withdrawn from such trust accounts for the personal use of the lawyer maintaining the account except earned lawyer's fees debited against the account of a specific client and recorded as such."

[9] This Rule provides, in pertinent part, that "[a]ll client's funds shall be placed in either an interest-bearing account at an approved institution with the interest being paid to the client or an interest-bearing (IOLTA) account at an approved institution" and that "[f]unds in such an [] account shall be available for withdrawal upon request and without delay, subject only to any notice period which the institution is required to reserve by law or regulation."

4

1.15 (III) (a),[10] Rule 1.15 (III) (b),[11] Rule 1.15 (III) (c),[12] Rule 1.16 (d),[13] Rule 8.4 (a) (4),[14] and Rule 9.3.[15] The maximum sanction for a

---

[10] This Rule provides that

Every lawyer who practices law in Georgia and who receives money or other property on behalf of a client or in any other fiduciary capacity shall maintain, in an approved financial institution as defined by this rule, a trust account or accounts, separate from any business and personal accounts. Funds received by the lawyer on behalf of a client or in any other fiduciary capacity shall be deposited into this account. The financial institution shall be in Georgia or in the state where the lawyer's office is located, or elsewhere with the written consent and at the written request of the client or third person.

[11] This Rule provides that

(1) A lawyer shall designate all trust accounts, whether general or specific, as well as all deposit slips and checks drawn thereon, as an "Attorney Trust Account," "Attorney Escrow Account" "IOLTA Account" or "Attorney Fiduciary Account." The name of the attorney or law firm responsible for the account shall also appear on all deposit slips and checks drawn thereon.

(2) A lawyer shall designate all business accounts, as well as all deposit slips and all checks drawn thereon, as a "Business Account," a "Professional Account," an "Office Account," a "General Account," a "Payroll Account," "Operating Account" or a "Regular Account."

(3) Nothing in this rule shall prohibit a lawyer from using any additional description or designation for a specific business or trust account including fiduciary accounts maintained by the lawyer as executor, guardian, trustee, receiver, agent or in any other fiduciary capacity.

5

single violation of Rules 1.2, 1.15 (I), 1.15 (II) (a), 1.15 (II) (b), 1.15 (III), and 8.4 (a) (4) is disbarment. The maximum sanction for a single violation of Rules 1.4, 1.5, 1.15 (II) (c), 1.16 (d), and 9.3 is a public reprimand.

As to aggravating and mitigating factors, the Bar concluded that the following aggravating factors applied: a dishonest and

---

[12] This Rule provides, in pertinent part, that "[a] lawyer shall maintain his or her trust account only in a financial institution approved by the State Bar of Georgia, which shall annually publish a list of approved institutions."

[13] This Rule provides that

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned.

[14] This Rule provides that it shall be a violation of the GRPC for a lawyer to "engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation."

[15] This Rule provides that "[d]uring the investigation of a matter pursuant to these Rules, the lawyer complained against shall respond to disciplinary authorities in accordance with State Bar Rules."

6

selfish motive, a pattern of misconduct, the commission of multiple offenses, a refusal to acknowledge the wrongful nature of his conduct, vulnerability on the part of the overseas victims because they could not readily confront Herbert about his misconduct, and Herbert's substantial experience in the practice of law. ABA Standard 9.22 (b), (c), (d), (e), (g), (h), (i).[16] The Bar determined that Herbert's lack of a prior disciplinary record was the only mitigating factor, ABA Standard 9.32 (a), and that the aggravating factors significantly outweighed the sole mitigating factor. The Bar thus determined that the appropriate sanction in this matter is disbarment, with a mandatory condition, if he seeks reinstatement, that Herbert pay restitution to the grievants in the amounts of their losses as set out in the Notices of Discipline.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter and is consistent with

---

[16] Although the Bar also considered Herbert's obstruction of the disciplinary process as an aggravating factor, "this Court will refrain from recognizing this behavior as a factor in aggravation" because Herbert "has also been charged with a violation of Rule 9.3 for similar conduct." *In the Matter of Hardy,* 316 Ga. 845, 852 n.16 (890 SE2d 770) (2023).

7

similar cases in which a lawyer abandons clients, violates the rules related to trust accounts, and defaults during the disciplinary process. See, e.g., *In the Matter of Power*, 314 Ga. 504 (877 SE2d 601) (2022) (disbarring attorney who defaulted under notice of discipline for abandonment of two clients and violations of trust account rules); *In the Matter of Proctor*, 313 Ga. 637 (872 SE2d 691) (2022) (disbarring attorney who defaulted under notice of discipline for abandonment of three clients and violations of trust account rules); *In the Matter of Plumides*, 311 Ga. 65 (855 SE2d 651) (2021) (disbarring attorney who defaulted under notice of discipline and who engaged in pattern of abandoning clients and violating trust account rules). Accordingly, it is hereby ordered that the name of John L.G. Herbert, Jr. be removed from the rolls of persons authorized to practice law in the State of Georgia. We also agree with the Bar's suggested imposition of a mandatory condition, if Herbert seeks reinstatement, requiring him to pay restitution to the grievants in the amounts of their losses as set out in the Notices of

8

Discipline. Herbert is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*